UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

UPSERVE, INC.,

                    Plaintiff,                    C.A. No. 1:19-cv-00593-MSM-LDA

        v.

DAVID HOFFMAN and
SHIFT4 PAYMENTS, LLC,

                    Defendants.

## CONSENT ORDER

Upon the consent of the undersigned parties, and pursuant to the terms of a private and confidential Settlement Agreement (as defined herein) entered into by the parties, it is hereby ORDERED as follows:

1.        All discovery and all other litigation events/deadlines shall be stayed until April 28, 2022 (the "Stay"), subject to the right of Plaintiff Upserve, Inc. ("Upserve") to move to lift the Stay following any unresolved claim by Upserve that Defendant David L. Hoffman ("Hoffman") or Defendant Shift4, LLC ("Shift4") have breached or violated the terms of the Settlement Agreement between the Parties dated as of July 30, 2020 (the "Settlement Agreement"), in accordance with the procedures set forth therein, or for any non-compliance with this Consent Order.

2.        This Consent Order shall fully expire on April 28, 2022, on its own terms, without any further actions required by the Parties.

3.      Paragraph 1 of the Preliminary Injunction entered by the Court in a Memorandum and Order on April 28, 2020 (ECF No. 38) (the "Preliminary Injunction") shall be vacated. Hoffman shall be entitled to return to employment at Shift4 as an IT Project Manager subject to the Compliance Certification and Compliance Interview requirements, and the Employment Restrictions, all as defined in the Settlement Agreement.  The Settlement Agreement shall remain private and confidential, and shall not be submitted to this Court until or unless necessary in connection with an unresolved claim of breach or violation, as contemplated by the terms of the Settlement Agreement.

4.      If, after providing Shift4 and Hoffman with a Notice of Violation and opportunity for Defendants to Respond/Cure (all as defined in the Settlement Agreement), Upserve believes in good faith that Shift4 and/or Hoffman have violated the Compliance Certification or Compliance Interview requirements or the Employment Restrictions, Upserve may file a motion to lift the Stay which Shift4 and Hoffman have agreed not to oppose (but without waiving the rights of Hoffman and Shift4 to dispute any such claim of violation).  Upon this Court granting Upserve's motion to lift the Stay, the Parties shall each be entitled to limited discovery on an expedited basis regarding facts related to any claim of breach by Upserve, or related to any denial or defense asserted by Shift4 and/or Hoffman.  After the Parties have engaged in expedited discovery, this Court shall make a determination, by a preponderance of the evidence, and in accordance with the applicable rules of evidence and procedure, whether a violation of the Employment Restrictions has occurred.

5.      Paragraph 2 of the Preliminary Injunction shall remain in full force and effect.

SO ORDERED.


Dated this   28   day of August, 2020.


Mary S. McElroy
United States District Judge

AGREED TO IN SUBSTANCE AND IN FORM:


UPSERVE, INC.

By its attorneys,

 /s/ Aaron F. Nadich
Neal J. McNamara (#4249)
Andrew B. Prescott (#3758)
Aaron F. Nadich (#9571)
NIXON PEABODY
One Citizens Plaza, Suite 500
Providence, Rhode Island 02903
(401) 454-1000
(401) 454-1030 (Facsimile)
nmcnamara@nixonpeabody.com
aprescott@nixonpeabody.com
anadich@nixonpeabody.com

Dated: July 31, 2020

DAVID HOFFMAN,

By his attorneys,

 /s/   Mark W. Freel
Mark W. Freel (#4003)
Krystle Tadesse (#7944)
LOCKE LORD LLP
2800 Financial Plaza
Providence, RI 02903-2499
(401) 276-6681
(401) 276-6611 (Fax)
mark.freel@lockelord.com
krystle.tadesse@lockelord.com

83219634v.1